Owosso Manufacturing Company v. Cox.

Opinion delivered January 18, 1926.

SALES—BREACH OF CONTRACT—NOTICE.—In an action by a buyer to recover damages on account of the seller's refusal to deliver 29 cars of lumber, where the defense was that the buyer had first breached the contract by incorrectly grading the lumber previously shipped so as to reduce the price below the cost of production, it was error to refuse an instruction that, if the buyer made an honest mistake in lowering the grades and did not lower them for the purpose of getting the lumber at a reduced price, the seller was not justified in abandoning the contract without calling attention of the seller to the erroneous grading, and thereby affording the seller an opportunity to correct the mistake.

Appeal from Hot Spring Circuit Court; *Thomas E. Toler,* Judge; reversed.

*Brouse & McDaniel,* for appellant.

*D. D. Glover* and *D. E. Waddell,* for appellee.

HUMPHREYS, J.  Appellant instituted suit on the 27th day of March, 1922, in the circuit court of Hot Spring County, against G. A. Chamberlain to recover damages in the sum of $1,599.72 for an alleged breach of contract in the form of a written offer and acceptance, dated August 6, 1918, for the sale of thirty-two cars of lumber, more or less, which cars were to contain specified quantities of certain grades at stipulated prices. It was alleged in the complaint that Chamberlain failed and re-

fused to deliver twenty-six of the cars, and that, because of the breach, appellant was forced to go into the open market and purchase the lumber, which Chamberlain failed to ship it, at an advanced price, to its damage in the sum aforesaid.

G. A. Chamberlain filed an answer denying that he agreed to sell appellant thirty-two cars of lumber, but, on the contrary, agreed to sell it only one or two cars at fixed prices for certain quantities and grades. By way of further evidence, he alleged that he sold his mill to T. W. Worrells, who would have shipped appellant all the lumber it claimed to have bought from him, had it not breached the alleged contract by incorrectly grading the lumber so as to reduce the price below the cost of production.

During the pendency of the suit, sometime in March, 1924, G. A. Chamberlain died, whereupon George B. Cox, the appellee herein, was appointed administrator of his estate. This case was then revived in the name of and proceeded to trial against said administrator upon the pleadings, the testimony adduced by the respective parties, and the instructions of the court, which resulted in a verdict and consequent judgment of dismissal against appellant, from which is this appeal.

The testimony introduced by the appellant showed that a written contract was entered into between it and G. A. Chamberlain whereby Chamberlain was to ship it about 400,000 feet of lumber of certain dimensions and grades at stipulated prices per thousand; that he shipped it three cars and then sold his mill to W. T. Worrells, who was to cut and deliver the lumber to Chamberlain at the prices agreed upon between Chamberlain and appellant, less $2 per thousand; that Worrells cut and delivered three cars to Chamberlain, who, in turn, shipped it to appellant; that the last three cars of lumber did not come up to the requirements of the contract in grade, which necessarily caused a reduction in price; that Chamberlain and Worrells refused to ship any more lum-

ber, whereupon appellant was compelled to go into the open market and buy the lumber which Chamberlain refused to ship it, at a total increased price of $1,599.72.

The testimony introduced by appellee tended to show that the last three cars of lumber cut by Worrells and shipped by Chamberlain to appellant met the requirements of the contract in grade; that Worrells refused to turn any more lumber over to Chamberlain for shipment to appellant because appellant reduced the price below the cost of the production thereof on the last three cars shipped to it.

The cause was sent to the jury, over the objection of appellant, upon the sole issue of whether or not appellant first breached the contract by lowering the grades and thereby reducing the contract price. If appellant made an honest mistake in lowering the grades and did not lower them for the purpose of getting the lumber at a reduced price, then Chamberlain would not have been justified in abandoning the contract without calling the attention of appellant to the erroneous grading, thereby affording it an opportunity to correct its mistake. Appellant asked instructions covering this theory of the case, which the court refused to give, over its objection and exceptions. The court erred in not presenting this theory of the case to the jury for determination.

The judgment is therefore reversed, and the cause is remanded for a new trial.